UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                              Case No.: 22-cr-20328
                              Hon. Thomas L. Ludington

MAURICE HIXON,

    Defendant.

_____/

## **DEFENDANT'S SENTENCING MEMO**

Defendant, Maurice Hixon, by his attorney, Bryan Sherer of the Federal Community Defender Office, states the following for the Court's consideration at sentencing:

1. Mr. Hixon pled guilty to Assault of an Intimate or Dating Partner by Strangulation or its Attempt, in violation of 18 U.S.C. § 113(a)(8), pursuant to a Rule 11(c)(1)(C) plea agreement. Per the plea agreement, the parties agreed that Mr. Hixon's sentence is not to exceed 46 months' imprisonment.

2. Mr. Hixon's sentencing guideline range is 46 to 57 months.

3. Factually, this case stems from a physical altercation between C.B. and Mr. Hixon at her residence. Prior to the incident, C.B. and Mr. Hixon met at weekly drug rehab meetings and thereafter began a dating relationship. Mr. Hixon was

living in Garden City and would occasionally come and stay at C.B.'s house on the Indian reservation to visit her. Mr. Hixon did not have transportation, nor should he be driving because he is diabetic, and needed a ride to come visit C.B.

4. On April 5, 2022, Mr. Hixon placed his hands around C.B.'s throat during an argument. C.B. then left her residence and went to stay with a friend. On April 7, C.B. went to the Saginaw-Chippewa Tribal Police station to make a report. Two days later, 48-hours after the incident, minor red marks were observed on C.B.'s throat. Police then went to C.B.'s residence to find Mr. Hixon who was waiting on her to return to take him home. Mr. Hixon was arrested without incident.

5. Under 18 U.S.C. § 3553(a)(2)(A), the seriousness of the offense is only one factor for this Court's consideration in fashioning an appropriate sentence. Mr. Hixon's crime is serious because it is an assaultive offense. He acknowledges his crime's severity and is remorseful for his actions in this matter. A 46-month federal prison sentence would be a just punishment, promote respect for the law, and also an adequate deterrent (both general and specific). § 3553(a)(2)(A)-(B). Mr. Hixon has written the Court to express his remorse, as well as other family members on his behalf as to his good character. *See attached*, **Exhibits A, B, C.**

6. Mr. Hixon also acknowledges that he has four prior felony convictions, and is correctly scored in Criminal History Category V. Mr. Hixon was assessed nine points for his prior felony convictions which would have placed him in a lower

category, Criminal History Category IV. Since Mr. Hixon was on probation for domestic violence at the time he committed this offense he was assessed two additional points, for a cumulative total of 11 points, which shifted him into a higher criminal history category. PSR ¶ 45.

7.  Mr. Hixon disagrees with U.S. Probation's opinion that he has demonstrated a pattern of behavior. PSR ¶ 92. Mr. Hixon believes the probation department arrived at this conclusion, incorrectly, because he was on misdemeanor probation at the time of the offense due to a prior domestic assault. PSR ¶ 43. The prior assault is factually dissimilar because it was committed in a fit of rage without a significant cooling-off period where Mr. Hixon "just snapped" after he had learned of his wife's infidelity that was occurring during their marriage. Apart from their assaultive nature, counsel asserts that a pattern is lacking because these two offenses are vastly different due to how they occurred.

8.  Under § 3553(a)(2)(C), the need to protect the public, will be satisfied by a 46-month custodial sentence which is within his guideline range. Protection of the public is not just satisfied by Mr. Hixon's incarceration of almost 4 years, but more importantly because his relationship with C.B. has ended. Moreover, there is a significant distance from each individual's place of domicile, roughly a two-hour drive, coupled with transportation obstacles. There is neither a desire by either individual to reconcile the relationship, nor is there a foreseeable avenue to

accomplish such an endeavor if it were undertaken.

9. Under § 3553(a)(2)(C), the need to provide needed educational or vocational training, medical care, or other treatment, would be best served by a 46-months custodial sentence in the BOP. Mr. Hixon has a GED but was not working because he received social security disability income due to a prior car accident. The accident caused injuries to his neck that may require surgery in the future. Also, Mr. Hixon suffers from diabetes and needs insulin shots daily. PSR ¶ 88.

10. Under § 3553(a)(7), the need to provide restitution to any victims of the offense is applicable in this case. However, C.B. has not requested restitution. PSR ¶ 97.

11. In sum, the aforementioned sentencing factors (and the parties) are in favor of a 46-month custodial sentence. Such sentence would fall within Mr. Hixon's guideline range. He is a good person with positive personal characteristics that is remorseful for his actions. In balancing the severity of Mr. Hixon's crime versus his personal history and characteristics under the § 3553(a) factors, the requested sentence in this case would be "sufficient, but not greater than necessary" to accomplish the purposes of sentencing.

WHEREFORE, counsel requests that this Court sentence the Defendant to a 46-month custodial sentence for the aforementioned mitigating reasons.

Respectfully Submitted,

s/Bryan J. Sherer (P69254)
Attorney for Defendant
Federal Community Defender
111 E. Court St., Suite L-100
Flint, Michigan 48502
(810) 232-3600
bryan_sherer@fd.org

Date: December 14, 2022

CERTIFICATE OF SERVICE

On December 14, 2022, I filed this document using the ECF system, which will send notice of the filing to Assistant U.S. Attorney of record and U.S. Probation Officer who authored the PSR.

s/Bryan J. Sherer